IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY EARL RIDLEY,**

                **Plaintiff,**

      **v.**                                     **CASE NO. 17-3214-SAC**

**KANSAS DEPARTMENT OF CORRECTIONS,**
**et al.,**

                **Defendants.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a civil action filed by a prisoner in state custody. Plaintiff asserts claims under the Religious Land Use and Institutionalized Persons Act and 42 U.S.C. § 1983.

**Screening**

The Court is required to screen a complaint brought by a prisoner seeking relief against a governmental entity or an employee of a governmental entity. 28 U.S.C. § 1915A(a). This section "applies to all prion litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee." *Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000). The Court has examined the complaint and enters the following findings and order to show cause.

This matter is governed by the Prison Litigation Reform Act (PLRA), which provides, in part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion

requirement is mandatory and provides corrections officials with the first opportunity to address prisoners' complaints. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006). To properly exhaust the grievance procedure, a prisoner must comply with "deadlines, and other critical procedural rules [,] because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 89.

In Kansas, state prisoners have a three-tiered formal grievance procedure that is available if attempts to informally resolve a grievance are unsuccessful. The first level requires a prisoner to submit a grievance to the appropriate unit team member at the facility, the second level requires the presentation of the grievance to the warden of the facility, and the final level directs the presentation of the grievance to the Secretary of the Kansas Department of Corrections. K.A.R. 44-15-101 *Inmate or parolee grievance procedure; informal resolution; formal levels*.

Generally, a prisoner's failure to exhaust administrative remedies is an affirmative defense. *See Reedy v. Werholtz*, 660 F.3d 1270, 1276 (10th Cir. 2011). However, when the failure to comply with the exhaustion requirement is apparent from materials filed with the Court by the plaintiff, the Court may raise the question of exhaustion sua sponte and may require the plaintiff to show that he has exhausted remedies. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

Here, plaintiff completed the portion of the form complaint that addresses the use of administrative remedies by answering that he did not seek administrative relief and writing "N/A" in the area of the form that directs a plaintiff who has not pursued administrative

relief to explain why (Doc. #1, p. 7).

Because it appears clear that plaintiff has not pursued administrative remedies, the Court will direct him to show cause why this matter should not be dismissed without prejudice to allow him to do so.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including January 6, 2018, to show cause why this matter should not be dismissed without prejudice to allow him to pursue relief through the administrative grievance procedures under K.A.R. 14-15-101. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 13th day of December, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge